IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LENNY DEAN LOWRY,**
                     **Plaintiff,**

      **v.**                              CASE NO. 05-3430-SAC

**R. HONEYCUTT, et al.,**
        **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff, an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF) sues R. Honeycutt, a prison official at HCF and L. Bruce, the Warden at HCF. He alleges both defendants deprived him of federal constitutional rights while acting under color of state law.

    Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. 1915A(a) and (b).

    The court finds the claims raised in this complaint are the same as presented in a prior action against these defendants which was dismissed on account of plaintiff's failure to exhaust administrative remedies and for failure to state a claim. <u>Lowry v. Honecutt</u>, No. 05-3241 (Aug. 17, 2005). It now appears

1

plaintiff has been denied relief by the Secretary of Corrections, the final level of the prison grievance procedure, and the exhaustion prerequisite may be satisfied. However, plaintiff presents no reason why he has filed this second complaint raising claims that were previously dismissed for failure to state a claim[1]. The court has thoroughly examined the pleadings and exhibits filed by plaintiff in this case to determine whether or not different claims are presented or there is reason to amend the court's judgment in plaintiff's prior case. The court concludes no reason is alleged or exists to alter the court's prior judgment on these claims, and that the instant complaint also fails to state a claim and must be dismissed[2].

**CLAIMS**

As grounds for this action, plaintiff again claims defendant

---

[1] This court, in its prior order, dismissed any "unexhausted" claims plaintiff may have had without prejudice; however, it also noted "in the interest of judicial economy" that allegations in the complaint which might be liberally construed as claims, were legally and/or factually insufficient.

[2] Plaintiff is advised that dismissal of this complaint as stating no claim for relief counts as a "strike under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

2

Honeycutt forced him to submit to a humiliating physical examination for evidence of sexual assault without adequate cause, he was unfairly required to pay for the forced hospital visit and test, and that defendant Honeycutt falsified documents making it appear he admitted the misconduct.  His claim against Warden Bruce is based on allegations that Bruce "has shown deliberate indifference to the substantial risk of sexual assault," encourages harsh treatment of inmates, and supported Honeycutt[3].  Plaintiff asserts his 14th Amendment right to equal protection and his 8th Amendment right to be free from cruel and unusual punishment have been violated.  He seeks punitive damages as well as return of  funds taken for restitution.

## DISCUSSION

Plaintiff alleges the same factual background for this complaint as for his prior complaint, that on around April 26, 2005, he was "caught" engaging in activity which he considers "horse play" with another inmate.  Officer McGlynn witnessed and reported the behavior, and defendant Honeycutt investigated the incident.  Plaintiff states the activity was consensual so there

---

[3] Plaintiff's claims against defendant Bruce are completely conclusory and do not show his personal participation in the allegedly unconstitutional acts.  Consequently, they fail to state a claim against defendant Bruce.

was no victim, rape or sexual assault. He complains Honeycutt insisted he submit to a sexual assault exam[4], and advised he had no right to refuse because of the "Prison Rape Elimination Act" (42 U.S.C. 15601, et seq.). Plaintiff further alleges Honeycutt took him to the emergency room shackled and cuffed, and complains he was subjected to a very humiliating and degrading exam by a female nurse while Honeycutt watched and laughed with the nurse. He alleges no medical evidence of sexual activity was found.

The Disciplinary Report written by Honeycutt on May 5, 2005, charged plaintiff with prohibited sexual activity. Under FACTS it provided:

> On 26 April 2005, Sgt McGlynn reported that he observed inmates (McFeeters and Lowry) involved in sexual activity within the bathroom area . . . . An investigation was initiated . . . (which) revealed that inmate McFeeters and Lowry were engaged in sexual activity and were interrupted by Sgt McGlynn. McFeeters was observed with his erect penis pressed up against inmate Lowry rectum area. On 26 April 2005 inmate Lowry was advised of his rights, which he waived and admitted to be engaging in sexual activity with inmate McFeeters. Based upon his admission and Sgt McGlynn's observations Lowry and McFeeters were taken to the Hutchinson Emergency Room where a sexual assault evidence kit was collected. * * * Restitution for $672.18 is requested for the cost of the laboratory testing and emergency visit and overtime cost incurred by the state. Inmate Lowry admitted to being engaged in sexual activity, therefore he is in

---

[4] Plaintiff alleges that Honeycutt made McFeeters submit to a sexual assault exam as well.

violation of 44-12-314, Sexual Activity; Class I. The regulation plaintiff was found guilty of violating, KAR 44-12-314 (a), cited in the court's prior order, provides: "No inmate shall commit or induce others to commit an act of sexual intercourse or sodomy, even with the consent of both parties. Participation in such an act shall be prohibited." Subsection (c)(2)(B) pertinently provides: "Sodomy shall be defined as any of the following . . . anal penetration, however slight, of a male or female by any body part or object . . . ."

The "Disposition of Disciplinary Case" provided Honeycutt was sworn in as the reporting officer, "affirmed the report," and stated Lowry had "admitted to the sexual act with McFeeters." This summary indicates that Lowry pointed out at the hearing the lack of medical evidence of sexual activity and questioned why he should be required to pay restitution when he was forced to go to the hospital. Lowry was found guilty by a preponderance of the evidence, including the reporting officer's investigation showing Lowry was found with another inmate preparing to engage in a sexual act, and Lowry's admission "in the interview with the reporting officer to having participated in a sexual act with the other inmate." The summary further provided "Restitution was requested in the report and was

awarded[5] by the hearing officer."

Plaintiff exhibits his "Inmate Grievance Form" filed on June 29, 2005, in which he complained that he should not have been subjected to the sexual assault exam or required to pay restitution because no rape or sexual assault was involved. The Unit Team responded that "Investigator R. Honeycutt . . . followed protocol as outlined in the Internal Management Policies and Procedures based on the information provided to him during the investigation." In response to a grievance submitted by plaintiff on September 6, 2005, the Unit Manager responded:

> Due to the Prison Rape Elimination Act (PREA). . . all reports of sexual harassment, contact, or activity (consensual or not) must be investigated and PREA protocol procedures followed. . . .  MSgt. Honeycutt . . . conducted the investigation in accordance with established policies and procedures. . . .

To allege a valid claim under 42 U.S.C. 1983, plaintiff must assert the denial of a right, privilege or immunity secured by the Constitution and laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). As noted in plaintiff's prior case, in a prison disciplinary proceeding, if the determination is based upon "some evidence" it is constitutionally sound. Massachusetts Correctional Institution

---

[5] Plaintiff does not inform the court of any sanctions other than a finding of guilty and the award of restitution. He mentions he was "placed back in administrative segregation for investigation" and remained there until he was found guilty.

v. Hill, 472 U.S. 445, 454 (1985); Mitchell v. Maynard, 80 F.3d 1433, 1446 (10th Cir. 1996). Nothing is presented which undermines the court's prior finding that plaintiff's own exhibits and allegations plainly demonstrate "some evidence" was presented of his violation of the particular charge against him.

The court additionally adheres to its prior findings as to plaintiff's claim that the evidence presented by defendant Honeycutt was falsified. This conclusory claim is not supported by a single factual allegation and involved a credibility issue resolved against plaintiff by the hearing officer.

In this complaint as in the last, plaintiff's own allegations often contradict his claims. For example, plaintiff contends there was no evidence of any sexual activity and denies he admitted sexual activity to Honeycutt. Yet he agrees he was "caught with" and admitted to "what (he) considered harmless horse play with another inmate," and states in the instant complaint that he fondled McFeeters. Plaintiff also has alleged Honeycutt told him McFeeters admitted "pressing his penis against" Lowry, but now makes the conclusory claim that McFeeters was intimidated by Honeycutt. Plaintiff's exhibits and allegations suggest McFeeters did not deny penetration.

The court finds plaintiff's allegations in the instant complaint, that he was improperly administered a medical exam to

7

detect sexual assault, are still not supported by sufficient facts or legal authority.  Plaintiff still fails to allege that the prison official who forced him to take the exam knew of and disregarded an excessive risk to inmate health and safety so as to state a claim of cruel and unusual punishment.  Gonzales v. Martinez, 403 F.3d 1179, 1186 (10th Cir. 2005), Farmer v. Brennan, 511 U.S. 825, 837 (1994).  He specifically asserts a denial of equal protection, but alleges no facts to support such a claim.

Plaintiff attaches unwarranted significance to the fact that the physical exam produced no evidence of sexual assault.  That fact alone did not preclude the hearing officer's finding of guilty of prohibited sexual activity, particularly given the other evidence that plaintiff was observed by a guard engaging in such activity and another guard reported he had admitted sexual activity.  Nor does plaintiff present authority indicating the negative test result precluded prison officials from charging him for a medical exam deemed necessary by prison officials.  Plaintiff in effect assumes the disciplinary decisions by defendant Honeycutt and the hearing officer were arbitrary and capricious.  However, he does not support his assumption with sufficient factual allegations or legal authority.  His corollary assumption is simply erroneous that

consensual sexual activity between prison inmates may not be prohibited, subject to investigation, or punished.

The court further notes that plaintiff provides no facts indicating defendants' actions were taken other than within their official capacities. Investigating reports of prohibited sexual activity is clearly within the discretion of prison officials and among the official duties of prison staff. Defendants acting within their official capacities are generally entitled to qualified immunity from money damages claims.

The PLRA specifies that district courts shall sua sponte dismiss certain prison-condition complaints:

> ... if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. 1997e(c)(1). For all the foregoing reasons, the court concludes plaintiff has failed to state a claim, and this action accordingly must be dismissed under Section 1997e(c)(1).

Plaintiff has submitted the initial partial filing fee in compliance with an earlier order in this case. See 28 U.S.C. 1915(b)(1). As a result, his motion for leave to proceed in forma pauperis is granted. He remains responsible to pay the balance of the full filing fee of $250 with periodic payments from his inmate trust fund account as detailed in 28 U.S.C.

1915(b)(2)[6].

**IT IS THEREFORE BY THE COURT ORDERED this plaintiff's motion for leave to proceed in forma pauperis is granted (Doc. 2), and this action is dismissed and all relief denied.**

**The Clerk is directed to transmit a copy of this order to the finance officer at the institution where plaintiff is currently confined.**

**IT IS SO ORDERED.**

**Dated this 22nd day of March, 2006, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

---

[6] Pursuant to this provision, the Finance Office of the prison is directed by a copy of this order to collect twenty percent (20%) of the prior month's income each time the amount oin plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.